No. 9022.

WILLIAMS *v.* MODERN WOODMEN OF AMERICA.

LIFE INSURANCE—*Beneficiary—Member of Family—Evidence.* Controversy between the wife and mother of the insured as to the insurance money. The wife being named as beneficiary, in the policy, a witness testified that upon the husband's departure for California for his health, the wife had refused to accompany him, and therefore, by the law of the state where the insurer was incorporated, she was not a member of the family of the insured, nor eligible as a beneficiary. Correspondence between the wife and husband, during his stay in California, when there was no reason for misrepresentation, *held* to warrant a finding for the wife on the question of separation.

*Error to Routt District Court, Hon. John T. Shumate, Judge.*

Mr. ARTHUR L. WESSELS, for plaintiff in error.

Mr. A. A. MANN, for the defendant in error, WILLIAMS.

*Per Curiam:*

THIS action involves the disposition of $3,000.00 paid into court by The Modern Woodmen of America (an Illinois corporation), being the amount of its policy upon the life of Clyde C. Williams.

The contention is between the wife and the mother of the deceased. The judgment was in favor of the wife who, it is admitted, was the designated beneficiary at the time of the death of the insured. Counsel for plaintiff in error

concede this, but contend that the wife, although within the class capable of taking as beneficiary when the policy was issued, has put herself out of that class by ceasing to be a member of his family. In support of this contention, it is alleged that on January 20, 1913, she deserted the insured, and refused longer to live with him as his wife. The only evidence offered to show a separation was the testimony of a brother of the deceased, who testified that the wife refused to go with her husband when he was leaving for California on account of his health. On the other hand, the record contains a letter from the wife to the husband complaining because he refused to let her go with him, and expressing her regret that she was not able to go along and take care of him. The record also contains a letter from the deceased to his wife dated February 1, 1913 (he having died upon March 19th following) in which he mentions his desire to have her with him, and states that he is going to look around and find a business, so that she can come out and be with him. If we concede that the laws of Illinois, as construed by its court concerning such questions, are as contended for by plaintiff in error, yet these expressions communicated in writing, when there was no reason for a misrepresentation of the facts, fully justified the court, as against the testimony of the brother, in finding for the wife on the issue of a separation.

The trial court rejected evidence offered to show that the wife had been guilty of improper conduct. We find no error in this respect, as it did not disclose, or tend to show, that she was not a member of his family at the time of his death. It follows that the widow must be considered as having been a member of the family of the insured at the time of his death, and within the class of persons who could be beneficiaries under the Illinois statutes.

Perceiving no prejudicial error, the application for supersedeas will be denied, and the judgment affirmed. The petition for rehearing is denied. The former opinion will be withdrawn.

*Supersedeas denied* and *judgment affirmed.*

Decision *en banc.*

Chief Justice Gabbert and Mr. Justice Bailey not participating.

Decided October 2, A. D. 1916. Rehearing denied November 6, A. D. 1917.